UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ELENA SZILVAGYI,

       Defendant.
_____/

Civil Case No. 12-11190
Criminal Case No. 2:07-cr-20504
HONORABLE DENISE PAGE HOOD

## ORDER DENYING DEFENDANT'S AMENDED MOTION TO CORRECT, VACATE AND SET ASIDE JUDGMENT [DKT 82]

This matter involves a federal habeas claim under 28 U.S.C. § 2255 challenging a guilty verdict for unlawful procurement of naturalization. Now before the Court is Defendant's Amended Motion to Correct, Vacate and Set Aside Judgment, dated March 27, 2012. **[Docket No. 82]** The Government filed a response to this motion, **[Docket No. 84, filed April 10, 2012]**, to which Defendant filed a reply. **[Docket No. 89, filed July 25, 2012]** For the reasons stated below, Defendant's Motion is denied.

### I.   BACKGROUND

On July 13, 2006, the Defendant pled guilty to Medicare fraud. As part of the plea agreement, the government agreed that it would "not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets." E.D. Case No. 2:06-cr-20062-01, Docket No. 22 at 14. The attached

worksheets, in turn, refer to violations of 18 U.S.C. § 371 Conspiracy, *id.* at 17, for the time period from March to October 2003, *id.* at 19. After conclusion of the Medicare fraud case, the Defendant was indicted for failing to disclose felonious activity to the Immigration and Naturalization Service (INS) at multiple points during the naturalization process from 1996 to 1997. E.D. Case No. 2:07-cr-20504, Indictment, Docket No. 3 at 2-4. On January 28, 2009, a jury rendered a guilty verdict against the Defendant for unlawful procurement of naturalization. On April 30, 2009, the Court entered judgment against the Defendant. The Defendant filed a timely appeal on unrelated grounds to the Sixth Circuit Court of Appeals, which affirmed her conviction on March 29, 2011. On March 27, 2012, the Defendant filed this motion.

## II. STANDARD OF REVIEW

A motion brought under § 2255 must allege one of the following errors: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255. The defendant must show that the error was of such constitutional magnitude that it had a "substantial and injurious effect or influence" on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

Where the defendant has procedurally defaulted by failing to assert her claims on direct appeal, she must also show either: (1) that she had good cause for failing to raise her claims and she would be prejudiced if unable to proceed, or (2) that she is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 527-28 (6th Cir. 2003).

### III.   ANALYSIS

The Defendant raises the following claims:  (1) the government breached the plea agreement of July 13, 2006 [E.D. Case No. 2:06-CR-20062-01, Docket No. 22], by prosecuting her for failing to disclose her involvement in Medicare fraud to INS while seeking naturalization; and (2) ineffective assistance of counsel because none of her appointed attorneys made any motion to dismiss to bar prosecution of the naturalization charge.

#### A. Unlawful Procurement of Citizenship or Naturalization

A plea agreement is essentially a contract. *Puckett v. United States*, 556 U.S. 129, 137 (2009).  Therefore, a plea agreement will be enforced according to its express terms. *Watson v. United States*, 165 F.3d 486, 487 (6th Cir. 1999). The unlawful conduct alleged in this case—misrepresentation to INS—is only indirectly related to the unlawful conduct referenced in the plea agreement,

3

conspiracy to commit Medicare fraud. It is only the content of the misrepresentation that relates to the plea agreement, not the conduct itself. The Defendant has not alleged that her statements to INS were in any way part of the conspiracy to commit Medicare fraud. Even if she had, the incongruent time periods would still have precluded this § 2255 claim because the Defendant's naturalization charge stems from statements made to INS in 1996 and 1997, while the plea agreement expressly limited its scope to conduct in 2003.

The Defendant's claim is substantially similar to a case from the Ninth Circuit. In *United States v. Standow*, 78 F. App'x 25 (9th Cir. 2003), the defendant first learned about counterfeiting money while trafficking cocaine from Colombia on a certain date in 1999. *Id.* at 27. The defendant's plea agreement pursuant to a counterfeiting charge stated that the government would "refrain from filing any additional charges involving, or arising from, his involvement in the obtaining or passing of counterfeit currency." *Id.* When the defendant was later charged with drug charges, he contended that the government gave him immunity from any and all crimes relating to his counterfeiting activities. *Id.* The Court noted that "[o]ther than that [the defendant] discovered his counterfeiting connections while importing drugs, the drug charges ha[d] nothing in common with 'the obtaining or passing of counterfeit currency.'" *Id.* The court held that although "the agreement protect[ed] [the defendant] from subsequent prosecution for additional

4

counterfeiting offenses and the like, it [did] not shield [the defendant] from unrelated charges for drug possession and drug distribution." *Id.*

In our case, the content of the Defendant's misrepresentations is not really the issue. Defendant could have lied about whether she had ever previously claimed to be a U.S. citizen or whether she had ever failed to file a tax return since becoming a permanent resident, and she would have been just as susceptible to prosecution for unlawful procurement of naturalization. Defendant's motion as to this claim is denied.

## B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is moot once the conduct for which it was raised has been determined to be without merit. *See United States v. Kuamo'o*, Crim. No. 03-00078-HG, 2006 WL 753023, at *4 (D. Haw. Mar. 23, 2006); *Morales v. Murphy*, No. 3:09-CV-1372-MRK, 2011 WL 2580672, at *4 (D. Conn. June 29, 2011); *United States v. Nunez*, No. 04-C-3385, 2005 WL 2675043, at *3 (N.D. Ill. Oct. 18, 2005). Because the underlying claim of this motion is without merit, the Defendant's ineffective assistance of counsel claim is moot.

## IV. CONCLUSION

Accordingly,

5

**IT IS ORDERED** that Defendant's Amended Motion to Correct, Vacate and Set Aside Judgment **[Docket No. 82, filed on March 27, 2012]** is **DENIED**.


Dated: January 31, 2014                             s/Denise Page Hood
                                                    DENISE PAGE HOOD
                                                    U.S. DISTRICT COURT JUDGE


I hereby certify that a copy of this order was served upon the attorneys of record on this date, January 31, 2014, by electronic and/or ordinary mail.

                                                    s/LaShawn R. Saulsberry
                                                    Case Manager