**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                                              **Civil Case No. 12-11190**
                                                              Criminal Case No. 2:07-cr-20504
**v.**                                                        HONORABLE DENISE PAGE HOOD
**ELENA SZILVAGYI,**

      **Defendant.**

                                     /

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter involves a federal habeas claim under 28 U.S.C. § 2255 challenging a guilty verdict for unlawful procurement of naturalization.  On January 31, 2014, the Court entered an Order Denying Defendant's Amended Motion to Correct, Vacate and Set Aside Judgment. **[Docket No. 90]**  Now before the Court is  the issue of a Certificate of Appealability.   For the reasons stated below, a Certificate of Appealability is **DENIED**.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2). Courts must either issue a certificate of appealability indicating which

issues satisfy the required showing or provide reasons why such a certificate should

not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of*

*Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

Here, the Court concludes that jurists of reason would not find the Court's

assessment of the constitutional claim debatable or wrong. As discussed in this

Court's January 31, Order,

> The unlawful conduct alleged in this case—misrepresentation to INS—is only indirectly related to the unlawful conduct referenced in the plea agreement, conspiracy to commit Medicare fraud. It is only the content of the misrepresentation that relates to the plea agreement, not the conduct itself. The Defendant has not alleged that her statements to INS were in any way part of the conspiracy to commit Medicare fraud. Even if she had, the incongruent time periods would still have precluded this § 2255 claim because the Defendant's naturalization charge stems from statements made to INS in 1996 and 1997, while the plea agreement expressly limited its scope to conduct in 2003.
>
> . . . .
>
> [T]he content of the Defendant's misrepresentations is not really the issue. Defendant could have lied about whether she had ever previously claimed to be a U.S. citizen or whether she had ever failed to file a tax return since becoming a permanent resident, and she would have been just as susceptible to prosecution for unlawful procurement of naturalization.

**[Docket No. 90, at 4-5]** As to Defendant's ineffective assistance of counsel claim, the Court reiterates that a claim of ineffective assistance of counsel is moot once the conduct for which it was raised has been determined to be without merit. *See United States v. Kuamo'o*, Crim. No. 03-00078-HG, 2006 WL 753023, at *4 (D. Haw. Mar. 23, 2006); *Morales v. Murphy*, No. 3:09-CV-1372-MRK, 2011 WL 2580672, at *4 (D. Conn. June 29, 2011). Because the underlying claim of Defendant's motion was without merit, the Defendant's ineffective assistance of counsel claim is moot.

For the reasons discussed above, the Court declines to issue a Certificate of Appealability. Defendant should also not be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that a Certificate of Appealability **will not be issued** and any request for *in forum pauperis* is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager